UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AL-MALIK THOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>NEW JERSEY DEPARTMENT OF CORRECTIONS,<br><br>    Defendant. | Civil Action No. 14-4746 (FLW)<br><br><br>MEMORANDUM OPINION |

Plaintiff Al-Malik Thomas, a prisoner currently confined at South Woods State Prison, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. The Court previously denied his application to proceed *in forma pauperis* because Plaintiff failed to submit a certified account statement (ECF No. 2). Plaintiff subsequently alleged that prison officials would not provide him with the required statement. (ECF Nos. 3-5.) The Court, in its discretion, will grant Plaintiff's application to proceed *in forma pauperis*. At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons explained in this Memorandum Opinion, the Court dismisses the Complaint for failure to state a claim for which relief may be granted under § 1915(e)(2)(B).

Plaintiff alleges the following facts in his Complaint:

> Plaintiff was being transported to C.R.A.F. by NJDOC on December 3, 2012[;] the transportation unit crashed the vehicle in use into a pedestrian's vehicle. The NJDOC was responsible for the accident. Plaintiff received many injuries with the two most

1

>vital being the neck and back areas.  The inmates being transported were not seatbelted [sic] in.

(ECF No. 1, Compl. at 5.)  Plaintiff seeks monetary relief for his injuries.  (*Id.* at 6.)

"Section 1983 provides remedies for deprivations of rights established in the Constitution or federal law.  It does not, by its own terms, create substantive rights." *Kaucher v. Cnty. Of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006). "To state a § 1983 claim, a plaintiff must demonstrate that the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Id.*  Here, Plaintiff has sued the New Jersey Department of Corrections ("NJDOC") for his injuries; it is well-established, however, that the State of New Jersey is not "person" within the meaning of § 1983, and that the NJDOC, as an arm of the State, is likewise not a "person" amenable to suit under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64, 70–71 and n. 10 (1989); *Duran v. Merline*, 923 F. Supp.2d 702, 713, n.4 (D.N.J. 2013) (citing *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 539 (D.N.J. 1989) (NJDOC is not a person under § 1983)).  Because NJDOC is a state entity or agency of the State of New Jersey, *see* N.J. Stat. Ann. 30:1B (establishing "in the Executive Branch of the State Government a principal department which shall be known as the Department of Corrections"), it is not a person amenable to suit under § 1983.  As such, the Complaint is dismissed with prejudice against the NJDOC.

The Court also finds that granting leave to amend the Complaint would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (District court may deny leave to amend under Rule 15(a) when amendment is futile.).  Although it is possible that Plaintiff could, through amendment, name as defendants those individual prison officials who were allegedly responsible for the accident and/or for failing to "seatbelt[]" the inmates, the allegations in the Complaint at best describe negligent conduct, which is not actionable under

section 1983.[1]  *See, e.g., Bishop v. N.J. Dep't of Corr.*, No. 05-5660 (FLW), 2006 WL 777035, at *2 (D.N.J. Mar. 24, 2006) (finding that Eighth Amendment claim arising from the crash of a NJDOC van in which the plaintiff was a passenger "fails as a matter of law because negligent or careless driving is not actionable under § 1983"); *see also Daniels v. Williams*, 474 U.S. 327 (1986) (holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state claim under § 1983). As such, the Court denies leave to amend.[2]  An appropriate Order follows.

---

[1] In this regard, Plaintiff's Complaint may state a claim under state tort law.  "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Bishop v. N.J. Dep't of Corr.*, No. 05-5660 (FLW), 2006 WL 777035, at *2-3 (D.N.J. Mar. 24, 2006) (citing *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381 (1998) (citation and internal quotation marks omitted)). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *Id.* (citing 28 U.S.C. § 1367(c)(3)).  In exercising its discretion, however, "'the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'"  *Id.* (citing *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284 (3d Cir. 1993).  Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims.  *Id.* (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Growth Horizons, Inc.*, 983 F.2d at 1284-1285.  In this case, the Court is dismissing the claims over which it had original subject matter jurisdiction at the earliest stage of the litigation and declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over any potential claims arising under state law.  The Court expresses no opinion as to whether Plaintiff could bring such state law tort claims in state court.

[2] Furthermore, it appears that Plaintiff's Complaint would "only [be] capable of correction through an amendment that fundamentally change[s] the alleged factual scenario," *Smith v. Delaware*, 624 F. App'x 788, 791 (3d Cir. 2015), and the Court is not required to predict such changes in determining whether granting leave to amend is warranted.  *See id.*

3

  /s/ Freda L. Wolfson  
Freda L. Wolfson,  
United States District Judge

Date: April 19, 2016